CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE. VA
FILED
JUN 2 2 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

STEPHANIE ANDERS )
for Ashley T. Anders, a minor child, )
) Civil Action No. 7:04CV00682
Plaintiff )
)
v. ) **MEMORANDUM OPINION**
)
JO ANNE B. BARNHART, Commissioner )
of Social Security ) By: Hon. Glen E. Conrad
) United States District Judge
Defendant )

Stephanie E. Anders has filed this action on behalf of her daughter, Ashley T. Anders, challenging the final decision of the Commissioner of Social Security denying Ashley T. Anders' claim for continuing child's supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(d). Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3) which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before this court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

Stephanie Anders filed an application for child's supplemental security income benefits on behalf of Ashley T. Anders on January 24, 1995.[1] It was determined that plaintiff suffered from a listed impairment on the basis of leukemia. Accordingly, her application was approved,

---

[1] For purposes of consistency and clarity, Ashley T. Anders hereinafter shall be referred to as the plaintiff in this case.

with disability beginning December 8, 1994. On February 13, 2002, the Social Security Administration notified plaintiff that it had determined that her disability ended on February 1, 2002 because her leukemia was in remission. Plaintiff appealed this decision, and her case eventually reached an Administrative Law Judge for a de novo hearing and review.

The Administrative Law Judge rendered her decision on July 26, 2004. The Law Judge also concluded that plaintiff is no longer entitled to child's supplemental security income benefits. The Law Judge found that plaintiff suffers from child's fibromyalgia with possible mild scoliosis, asthma, hypertention, healed residuals of chemotherapy for leukemia, and chronic depression. While the Law Judge considered plaintiff's problems to be severe, she ruled that the impairments do not meet or equal any listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404. The Law Judge noted a "marked" limitation in terms of plaintiff's health and well being. However, in all other respects, the Law Judge determined that plaintiff's limitations are less than marked. Thus, the Law Judge also concluded that plaintiff's impairments are not functionally equivalent in severity to any listed impairment. Based on her finding that plaintiff's disability ended on February 1, 2002, the Law Judge concluded that plaintiff is no longer entitled to child's supplemental security income benefits. See, generally, 20 C.F.R. § 416.924. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, plaintiff has now appealed to this court.

Under 42 U.S.C. § 1382c(a)(3)(C), disability, for purposes of child's supplemental security income benefit claims, is defined as follows:

> (I) An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable

2

> physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
>
> (ii) Notwithstanding clause (I), no individual under the age of 18 who engages in substantial gainful activity (determined in accordance with regulations prescribed pursuant to subparagraph (E)) may be considered to be disabled.

The regulations relevant to the instant case are set forth under 20 C.F.R. § 416.924, et seq. Under 20 C.F.R. § 416.924, a three-step test is established for purposes of adjudication of a claim for child's supplemental security income benefits. The first determination is whether the child is working and performing substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not working, it must then be decided whether the child suffers from a severe (more than slight or minimal) impairment or combination of impairments. 20 C.F.R. § 416.924(c). If the child suffers from a severe impairment or combination of impairments, it must then be determined whether the child's impairment(s) meet, medically equal, or functionally equal an impairment listed under Appendix I to Subpart P of the Administrative Regulations Part 404. 20 C.F.R. §416.924(d). Provisions for determination of medical equivalence are established under 20 C.F.R. § 416.926. Provisions for determination of functional equivalence are established under 20 C.F.R. § 416.926a. Stated generally, to functionally equal a listed impairment, a child must demonstrate one "extreme" limitation in one area of functioning or domain, or show "marked" limitations in two areas of functioning or domains. 20 C.F.R. § 416.926a(d). There are six areas of functioning to be considered: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R.§ 416.926a(b)(1).

3

Subsequent to the final decision of the Commissioner, new medical evidence was submitted by plaintiff. The new evidence consists of various reports dealing with the evaluation and treatment of plaintiff's fibromyalgia. Also included are reports developed in connection with psychiatric treatment provided by Dr. Ann Hedberg. Plaintiff now seeks remand of the case so that the new medical evidence may be considered along with the reports already of record.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d, 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at

After a review of the record in this case, the court must conclude that plaintiff has established "good cause" for remand of her case to the Commissioner for further consideration. Plaintiff has submitted all of the new medical records to the court, so there is no question as to the nature of the new evidence. Furthermore, the record reveals that Dr. Hedberg is the first psychiatrist who has evaluated plaintiff, despite the fact, as found by the Law Judge, that plaintiff has carried a diagnosis of chronic depression since she was first found to be suffering from leukemia. Thus, the court believes that the more recent medical findings clearly relate back to the period of time adjudicated

by the Commissioner in connection with plaintiff's claim for continuing child's supplemental security income benefits. Finally, it appears that plaintiff was referred to Dr. Hedberg by another medical professional, and that plaintiff did not orchestrate the timing of the referral. Stated differently, the court concludes that there has been no attempt to manipulate the administrative process by the timing of the submission of the new medical evidence.

The more difficult question posed by the motion for remand concerns the probative value of Dr. Hedberg's psychiatric findings. In her clinical notes, Dr. Hedberg documents symptoms of fatigue, anhedonia, decreased concentration, increased irritability, isolating behavior, and feelings of sadness, hopelessness, helplessness, and worthlessness. Plaintiff has admitted some suicidal ideation. However, as previously noted, the Administrative Law Judge specifically found that plaintiff suffers from a "marked" impairment in terms of her health and well being. Arguably, the psychiatric manifestations reported by Dr. Hedberg fall primarily under this category. On the other hand, it is also clear that the psychiatric report belies the Law Judge's findings that plaintiff is without limitations for acquiring and using information; attending and completing tasks; interacting and relating with others; and caring for herself. Indeed, the court believes that the psychiatric report establishes the existence of impairments and limitations of function within these domains. Accordingly, the court must conclude that plaintiff has established "good cause" for remand of her case to the Commissioner for consideration of the new medical evidence. See Borders v. Heckler, supra.

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). An appropriate order of remand will be entered this day. Should the Commissioner be

unable to decide this case in plaintiff's favor based on the existing administrative record and the new medical reports, the Commissioner shall conduct a new administrative hearing at which both sides will be allowed to present additional evidence and argument. The court believes that referral of plaintiff to a consultative psychiatrist, and an assessment of plaintiff's work-related emotional function, would be most helpful in this case.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 22d day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE